UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Allen Rheaume,

        Petitioner,

        v.                                                      Civil Action No. 2:19-cv-211-cr-jmc

Michael Touchette, Commissioner,
Vermont Department of Corrections,

        Respondent.

## ORDER AND REPORT AND RECOMMENDATION
(Docs. 1, 1-3, 3)

Petitioner Allen Rheaume, representing himself, seeks to file a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1-3.) Rheaume has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has submitted an affidavit that makes the showing required by § 1915(a). Accordingly, the request to proceed *in forma pauperis* (Doc. 1) is GRANTED.

A review of the record, however, indicates that Rheaume previously filed a habeas petition in this court that was denied on substantive grounds on July 19, 2017. *See Rheaume v. Menard*, No. 2:16-cv-303-cr (D. Vt. July 19, 2017). The court held that because Rheaume "has not asserted that a federal constitutional violation occurred during the state criminal proceedings[,] his claims are based entirely on a purported misapplication of Vermont law." *Id.*, Doc. 26 at 5 (internal quotation marks omitted). Therefore, federal habeas relief was unavailable under § 2254, and

the petition was dismissed. *Id.* Rheaume's appeal to the Second Circuit was dismissed. *Id.*, Doc. 33 (Feb. 28, 2018).

For the reasons stated below, I recommend that the court find that Rheaume's current Petition (Doc. 1-3) is second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the United States Court of Appeals for the Second Circuit. In light of this recommendation, Rheaume's Motion for Appointment of Counsel (Doc. 3) is DENIED as moot at this time.

## Background

On June 14, 2004, Rheaume pleaded guilty in Vermont state court to one count of lewd and lascivious conduct in violation of Vt. Stat. Ann. tit. 13, § 2601, and to being a habitual offender under Vt. Stat. Ann. tit. 13, § 11. *State v. Rheaume*, Docket No. 245-3-04 Frcr (Vt. Sup. Ct.). The court originally sentenced Rheaume to 55 days to life imprisonment, all suspended except for 55 days to five years. This sentence was later amended and Rheaume was placed on probation based on credit for time served. On January 30, 2008, after several violations, the trial court revoked Rheaume's probation and imposed the previously suspended original sentence of 55 days to life imprisonment.

From 2010 through 2015, Rheaume filed three petitions for postconviction relief in state court. In the third petition, Rheaume argued that "his conviction was flawed because 13 V.S.A. § 2601 required the lewd act be 'open,' but the facts of his case established that the charged conduct did not occur in a public place." *Rheaume*, No. 2:16-cv-303-cr, Doc. 26 at 3. The trial court noted that "it was unable

to 'find any authority for the proposition that "occurrence in a public place or in public view" [was] an element of the offense' of lewd and lascivious conduct," and granted the State's motion for summary judgment. *Id.* (alteration in original). On November 4, 2016, the Vermont Supreme Court affirmed.

On November 7, 2016, Rheaume filed his first § 2254 petition in this court collaterally challenging his convictions and his sentence. Therein, Rheaume "assert[ed] that the charged offense of lewd and lascivious conduct is 'missing the element of public in the charging [I]nformation(s).'" *Id.*, Doc. 15 at 1. As noted, the Petition was denied because this claim did not allege that a federal constitutional violation occurred during the state criminal proceedings. *Id.*, Doc. 26 at 5. The purported misapplication of Vermont law was not sufficient under § 2254.

In the present Petition, Rheaume again seeks to challenge his convictions and sentence on the ground that the "[state] court convicted the petitioner of 13 [V.S.A. §] 2601 absent the element of public." (Doc. 1-3 at 6.) He has also filed a Brief in Support of his proposed Petition (Doc. 4) that the undersigned Magistrate Judge has reviewed.

## Discussion

This court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests. *See Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Because Rheaume previously filed a § 2254 petition regarding the same convictions and sentence, and that petition was denied on the merits, his current petition may be a "second or successive" petition.

3

*See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that petition was "second or successive" because it challenged "the same custody imposed by the same judgment of a state court" as the first petition); *see also* 28 U.S.C. § 2244(b). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limits the conditions under which a "second or successive" petition may be granted. A claim in a second or successive petition that was not presented in a previous habeas corpus petition may only be granted if one of the following conditions applies:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) he facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The AEDPA also sets "gatekeeping" procedural rules for the review of second or successive petitions. *Burton*, 549 U.S. at 149. Accordingly, a second or successive petition may only be filed with a district court if the petitioner has first been granted permission to do so by the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A), (B). To grant such permission, the court of appeals must determine that the petition contains claims that fall into one of the categories quoted above. *Id.*

If a petitioner fails to obtain circuit approval prior to filing a second or successive petition, the district court is without jurisdiction to consider the petition

4

and must dismiss it. *See Burton*, 549 U.S. at 153. The rule in this circuit, in the interest of judicial efficiency, is if a district court determines that a petition is second or successive, that court is to transfer the petition to the circuit court. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). It does not appear that Rheaume's claim relies on a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable, or that his current allegations involve facts that could not have been discovered through the exercise of due diligence. Nevertheless, out of an abundance of caution, I recommend that the court find Rheaume's current § 2254 Petition (Doc. 1-3) to be second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the Court of Appeals.

## Conclusion

For these reasons, although his request to proceed *in forma pauperis* (Doc. 1) is GRANTED, I recommend that the court find Rheaume's current § 2254 Petition (Doc. 1-3) to be second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the United States Court of Appeals for the Second Circuit. In light of this recommendation, Rheaume's Motion for Appointment of Counsel (Doc. 3) is DENIED as moot at this time.

Dated at Burlington, in the District of Vermont, this 20th day of November 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).