U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 AUG 21  PM 4: 30

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ALLEN RHEAUME, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-211 |
| ) | |
| MICHAEL TOUCHETTE, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER
ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING
AS MOOT PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING
AND TO APPOINT COUNSEL**
(Docs. 5, 6, 34, & 35)

This matter is before the court for a review of the Magistrate Judge's November 20, 2019 Report and Recommendation ("R & R") (Doc. 5), wherein he recommended that the court find that the habeas petition filed by self-represented Petitioner Allen Rheaume pursuant to 28 U.S.C. § 2254 is a second or successive petition under 28 U.S.C. § 2244(b) and transfer it to the Second Circuit Court of Appeals. On December 6, 2019, Petitioner objected to the R & R, and on March 23, 2020, he filed an amended objection, at which time the court took the matter under advisement.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Petitioner raises two claims in the pending § 2254 petition: (1) whether the Vermont Superior Court, Criminal Division violated the "fair warning" clause of the Fifth and Fourteenth Amendments to the United States Constitution when it determined lewd and lascivious conduct under 13 V.S.A. § 2601[1] can occur in a private location such as a home; and (2) whether the Vermont Superior Court, Criminal Division violated V. R. Crim. P. 11(f) and Supreme Court precedent regarding the voluntariness of guilty pleas by failing to make a factual finding as to "the element of public[.]" (Doc. 4 at 4, 8) (internal quotation marks omitted). In his amended objection, Petitioner argues that the current petition is not second or successive because he previously "did not [receive] an adjudication of the federal habeas corpus rights" because his petition in Case No. 2:16-cv-303 was dismissed for the lack of jurisdiction, as "it was improperly seeking [§] 2254 relief" without raising a federal constitutional violation. (Doc. 31 at 5) (internal quotation marks omitted).

In his six-page R & R, the Magistrate Judge carefully reviewed the procedural history of Petitioner's prior and pending post-conviction challenges. The Magistrate Judge correctly concluded that Petitioner "previously filed a § 2254 petition regarding the same convictions and sentence" and that Petitioner raises the same argument in the pending petition as he did in his previous petition: whether lewd and lascivious conduct under Vermont law requires that the conduct be committed in a public place. (Doc. 5 at 3.) The court agrees with these conclusions. However, the court disagrees with the Magistrate Judge's further recommendation that the pending petition is a second or successive petition. In addressing Petitioner's previous petition, the court found no federal habeas relief was available because "Petitioner's habeas petition rests solely on a question of state law[.]" *Rheaume v. Menard*, 2017 WL 3085320, at *3 (D. Vt. July 19,

---

[1] *See* 13 V.S.A. § 2601 ("A person guilty of open and gross lewdness and lascivious behavior shall be imprisoned not more than five years or fined not more than $300.00, or both.").

2017). When a petition is dismissed on procedural grounds or for lack of jurisdiction, it is not counted for purposes of determining whether a subsequent petition is a second or successive petition. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (holding petitioner's claim that he was incompetent, raised for the second time after the district court dismissed his first petition as premature, was not a "second or successive" because "the habeas petitioner [did] not receive an adjudication of his claim[]" and "[t]o hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.") (internal quotation marks omitted); *see Muniz v. United States*, 236 F.3d 122, 129 (2d Cir. 2001) ("We . . . interpret[] the statutory phrase 'second or successive' not to encompass [petitioner's] petition, which was incorrectly dismissed as untimely."); *see also Soto v. Superintendent*, 2014 WL 3819025, at *8 (N.D.N.Y. Aug. 4, 2014) ("[A] petition is only 'second or successive' within the meaning of [the Antiterrorism and Effective Death Penalty Act] if there was a decision on the merits of the first petition."). As such, § 2244(b) does not require the court to transfer the pending petition to the Second Circuit.

Although framed as asserting federal constitutional challenges, the pending petition remains a challenge to whether Vermont law requires that lewd and lascivious conduct must occur in public to constitute a criminal act. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . [W]e have repeatedly held that federal habeas corpus relief does not lie for errors of state law.") (emphasis in original) (internal quotation marks omitted). The Vermont Supreme Court recently reaffirmed that conduct need not occur in a public place to satisfy the element of openness. *See In re Rheaume*, 2019 WL 4928670, at *3 (Vt. Oct. 4, 2019) ("[W]e have conclusively answered the question of whether the offense requires proof that the behavior occurred in a 'public place' in the negative[.]"). This court lacks the authority to alter the Vermont Supreme Court's interpretation of Vermont law. *Wilson*, 562 U.S. at 5 ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (alteration and internal quotation marks omitted). Because this

court lacks jurisdiction, Petitioner's § 2254 petition must be DISMISSED. In making this determination, the court cautions Plaintiff not to file serial petitions with this court on this same issue as such a practice may be construed as vexatious. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.") (alterations and internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("That the district court possessed the authority to enjoin [a party] from further vexatious litigation is beyond peradventure."); *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) (permitting district court to prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive [filings]."). To date, Petitioner has challenged his state law conviction for lewd and lascivious conduct three times in the Vermont Superior Court and twice in this court in case numbers 2:16-cv-303 and the pending petition.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS IN PART AND DECLINES TO ADOPT IN PART the Magistrate Judge's R & R (Doc. 5), DISMISSES Petitioner's petition for writ of habeas corpus (Doc. 6), and DENIES AS MOOT Petitioner's motions for an evidentiary hearing (Doc. 34) and to appoint counsel (Doc. 35).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of August, 2020.

Christina Reiss, District Judge
United States District Court

4